IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


DEBRA BELL as mother and next friend
of SAMMY BELL, a minor                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 4:05CV240-P-A

JO ANN SECRETARY OF HEALTH
AND HUMAN SERVICES                                                  DEFENDANT


## MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the

decision of the Commissioner of Social Security denying child supplemental security income

benefits under Title XVI to Sammy Bell ("plaintiff"). The district court's jurisdiction over plaintiff's

claim rests upon 28 U.S.C. § 1331. In accordance with the provisions of 28 U.S.C. § 636(c), both

parties have consented to have a magistrate judge conduct all the proceedings in this case, the

undersigned therefore has the authority to issue this opinion and the accompanying final judgment.


## BRIEF FACTUAL SUMMARY

Debra Bell has filed this action on behalf of her son Sammy Bell, was born on October 25,

1999. At the time of the hearing decision, on May 16, 2005, he was 5 years old and attended Head

Start Classes. Plaintiff's application for supplemental security income, filed on October 22, 2003

(protective filing date of September 29, 2003), was denied both initially and on reconsideration. A

request for hearing was timely filed, and the hearing was held on March 1, 2005. Plaintiff contends

he is disabled due to a speech impediment and asthma. In an opinion dated May 16, 2005, the ALJ

found that plaintiff was not disabled as defined by the Social Security Act, and denied plaintiff's request for benefits. Plaintiff unsuccessfully sought review from the Appeals Council, and timely filed suit in this court. The case is now ripe for review.

### STANDARD OF REVIEW

The Personal Responsibility and Work Opportunity Reconciliation Act statutorily amended the relevant substantive standard for evaluating children's disability claims. Now, under the 1996 Act, a child seeking SSI benefits based on disability will be found disabled if he has a medically determinable impairment "which results in marked and severe functional limitations," and which meets the statutory duration requirement. *See* 42 U.S.C. § 1382c(a)(3)(C) (1994 and Supp. II 1996). In determining disability of a child, the Commissioner, through the ALJ, works through a three-step sequential evaluation process.[1] At all stages of the proceedings the burden rests upon the plaintiff to prove disability. First, the ALJ determines whether the child is working.[2] Second, the ALJ makes a determination as to whether the child has an medically determinable "severe" impairment or combination of impairments. Finally, at step three, for a finding of disabled, the ALJ must conclude the child's impairment or combination of impairments meets, medically equals or functionally equals the severity of an impairment listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1994).[3] If plaintiff's impairment is severe, but does not meet or equal in severity a listed impairment, the ALJ must then determine whether the impairment is "functionally equal in severity to a listed impairment." Following this procedure, the ALJ made a determination as to

[1]*See* 20 C.F.R. § 404.924 (2004).

[2]20 C.F.R. § 416.924(b) (1999).

[3]20 C.F.R. §§ 416.924(d), 416.925 (1999).

2

whether the plaintiff was disabled.

In accordance with the final regulations published by the Social Security Administration, effective January 2, 2001, the Commissioner evaluates a child's functional limitations in the following six domains:

1.      Acquiring and using information;
2.      Attending and completing tasks;
3.      Interacting and relating with others;
4.      Moving about and manipulating objects;
5.      Caring for yourself; and
6.      Health and physical well-being.

20 C.F.R. § 416.926a (b)(I-vi)(2004). "An impairment(s) causes marked and severe functional limitations if it meets or medically equals the severity of a set of criteria for an impairment in the listings, or if it functionally equals the listings." 20 C.F.R. § 416.924(d). [4] A medically determinable impairment or combination of impairments functionally equals a listed impairment if it results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. *See* 20 C.F.R. § 416.926a (2004). When deciding whether a child has a marked or extreme limitation, the ALJ must consider the child's functional limitations in all areas, including their interactive and cumulative effects, then make a determination as to whether the child is disabled under the Act.

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant

---

[4]20 C.F.R. §§ 416.924(d), 416.926a (1999).

evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further stated that substantial evidence:

> must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Further, in Social Security disability review cases, where § 405(g) governs the standard of review, *Frith v. Celebrezze*, 333 F.2d 557, 560 (5th Cir.1964), the Fifth Circuit has held that appellate review is limited to two issues: (1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole. *Morris v.* Shalala, 207 F.3d 744, 745 (5th Cir. 2001) *citing Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir.1994); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir.1992). This court may not overturn the Secretary's decision if it is supported by substantial evidence – "more than a mere scintilla" – and correctly applies the law. *Morris* at 745; *Anthony*, 954 F.2d at 292.

Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive

and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

In the instant case the ALJ found that the plaintiff suffered from asthma and a speech articulation delay but that he was not disabled as defined by Title XVI of the Act. Tr. 10 - 17. More specifically, the ALJ determined that the plaintiff did not have an "extreme" limitation in any domain of functioning, did not have a "marked" limitation in two domains of functioning, and did not functionally equal the severity of any of the listings. Tr. 17, Finding Nos. 4 & 5. The plaintiff timely appealed to the Appeals Council, which denied the request for review. Plaintiff then filed the instant case in accordance with 42 U.S.C. §§ 405(g), 1383(c)(3). The court has reviewed the decision, transcript, and record in the case as well as the parties briefs and finds that the decision of the ALJ was proper, supported by substantial evidence and should be affirmed.

ISSUES ON APPEAL

In his appeal brief, the plaintiff raises two issues as grounds for his assertion that the decision of the ALJ is legally defective and should be reversed or remanded to the ALJ for reconsideration:

1.      The ALJ's decision was not based on substantial evidence; and

2.      The ALJ did not fairly and fully develop the record concerning plaintiff's impairments particularly as they effect his functioning.

The defendant has responded to these issues, and the court shall address them *seriatim*.

<u>Substantial Evidence</u>

Substantial evidence is evidence that a reasonable mind would accept as adequate to support the decision. *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir.1993), citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The plaintiff argues that the decisions of both the ALJ and the Appeals Counsel were not supported by substantial evidence and

thus this action must be remanded for further consideration. In reviewing the decision of the Commissioner, the court is limited to determining, without re-weighing the evidence, whether there was substantial evidence in the record as a whole to support the decision that the claimant is not under a "disability" as defined by the Social Security Act. 42 U.S.C. § 405(g); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir.1983). *See Green v. Schweiker*, 694 F.2d 108, 110 (5th Cir.1982), cert. denied, 460 U.S. 1091, 103 S.Ct. 1790, 76 L.Ed.2d 357 (1983). Where substantial evidence supports the administrative finding, the court may then only review whether the administrative law judge applied the proper legal standards and conducted the proceedings in conformity with applicable statutes and regulations. *Hernandez v. Heckler*, 704 F.2d 857, 859 (5th Cir.1983). Of course, this standard of review is not a rubber stamp for the Commissioner's decision. It involves more than a basic search for evidence supporting the findings of the Commissioner. The court must scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting said findings. *Austin v. Shalala*, 994 F.2d at 1174, citing *Tome v. Schweiker*, 724 F.2d 711, 713 (8th Cir.1984). *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951); *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir.1984).

The record in this case establishes without doubt that the plaintiff suffers from bronchitis/asthma and a developmental speech delay; however, he is not entitled to benefits unless he is "disabled" as that term is defined by the Social Security Act. *Jones v. Heckler*, 702 F.2d 616 (5th Cir.1983); *See also Heckler v. Campbell*, 461 U.S. 458, 459-61, 103 S.Ct. 1952, 1953-54, 76 L.Ed.2d 66 (1983). A child seeking SSI benefits will be found disabled if he has a medically determinable impairment "which results in marked and severe functional limitations," and which meets the statutory duration requirement. 42 U.S.C. § 1382c(a)(C) (1994 and Supp. II 1996).

At the hearing before the ALJ, the plaintiff was represented by counsel and had his mother present for testimony and information regarding his circumstances. Upon questioning, his mother testified that plaintiff had difficulty in speech and interaction with other children his age. Evaluations by a speech-language pathologist and a speech-language therapist indicate that the plaintiff showed delay in articulation and some errors in sounds that were more than simply age-appropriate misstatements; in fact, plaintiff's speech and language evaluation test scores revealed that plaintiff ranked at one standard deviation below the mean. Tr. 12 (referencing test administered by Edith McDavid, SLP, found at Tr. 104 - 119.) However, the record reveals that while Edith McDavid, a speech and language pathologist, found plaintiff to "have a marked or severe functional limitation of his speaking ability and a condition that can be expected to last at least 12 months" she also finds that plaintiff had made "great progress" toward mastery of his therapy goals. Tr. 119.

Plaintiff's mother testified that he has asthma that causes him to utilize an inhaler and has caused him to have made numerous doctor's office and emergency room visits and to have missed five days of school the previous year. The medical record in this case reveals that the plaintiff has had many emergency room and outpatient clinical visits during the relevant time period for respiratory infections, cold symptoms, bronchitis, tonsillitis and pneumonia; however, few of these illnesses lasted two weeks or more, and the medical records for these visits do not attribute the plaintiff's medical condition to asthma. Further, medical records indicate that these illnesses were mostly viral in nature and responded well to appropriate treatments by these facilities. *See, e.g.,* Tr. 200 ("DIAGNOSIS . . . pneumonia, resolving; tonsillitis, resolving.").

Pursuant to Social Security Ruling 98-1P,

"[e]vidence of the severity of speech limitation should generally include the results

of a comprehensive examination of the child's speech (articulation, voice, fluency), and descriptions of the child's speech in daily circumstances (e.g., the sounds a child produces, the percentage of intelligibility of the child's speech). These descriptions come from persons who have opportunities to listen to the child; i.e., both lay and professional sources. The evidence must be sufficient and recent enough to permit a judgment about the child's current level of functioning. In some instances, it may be necessary to obtain a consultative examination in order to assure recency of the evidence.

SSR-98-1P, p.4.  In accordance with 20 C.F.R. § 416.926a, in order to have a marked limitation, it must be determined that "your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities."  Further, where there are standardized testing scores available, a marked limitation is one that shows "standardized testing with scores that are at least two, but less than three, standard deviations below the mean." 20 C.F.R. §416.926a(e)(2).  A severe limitation would be found where "impairment(s) interfere very seriously with your ability to independently initiate, sustain, or complete activities."  20 C.F.R. §416.926a(e)(3).  A limitation may be found to be severe where there has been "standardized testing with scores that are at least three standard deviations below the mean."  *Id.*

A plaintiff is considered to have a marked limitation "health and physical well-being," if he is frequently ill because of his impairment(s) or has frequent exacerbations of his impairment(s) that result in significant, documented symptoms or signs. 20 C.F.R. §416.926a(e)(2).  "For purposes of this domain, 'frequent means that you have episodes of illness or exacerbations that occur on an average of 3 times a year, or once every 4 months, each lasting 2 weeks or more." *Id.*  Alternatively, an impairment may also be found to be marked if episodes "occur more often than 3 times in a year or once every 4 months but do not last for 2 weeks, or occur less often than an average of 3 times a year or once every 4 months but last longer than 2 weeks, if the overall effect (based on the length

of the episode(s) or its frequency) is equivalent in severity." *Id.*

In the instant case, the ALJ properly considered all the medical evidence in the record, questioned the plaintiff's mother with regard to his impairments and even questioned the plaintiff himself. In the decision, the ALJ considered all six domains, including comparing the effects of the impairments on plaintiff's functioning with activities of children of the same age without such impairments. Tr. 14, citing 20 C.F.R. §416.926a(b). Following the guidelines set out in the relevant regulations, the ALJ found that the plaintiff had a "less than marked" limitation in the domain of health and physical well being and a "less than marked" limitation in the domain of interacting and relating with others. Tr. 15-16. While the plaintiff argues that finding is incorrect, the undersigned cannot find anything in the record or the plaintiff's arguments that would warrant any other determination. As noted, although plaintiff had numerous episodes of illness in the period preceding the ALJ's decision, these episodes involved afflictions other than asthma, the claimed impairment. There is no evidence contrary to the ALJ's findings that would even cloud the ALJ's decision. In light of the ALJ's attention to the medical evidence in the record, the clear references to all applicable standards and the detailed reasoning provided in his written decision, the court finds that the ALJ's decision is based upon substantial evidence.

<u>Failure to fully and fairly develop the record</u>

The plaintiff next argues that the ALJ failed to fully and fairly develop the record as he did not require that plaintiff be evaluated by a psychiatrist or psychologist concerning the effects of his impairments on his interpersonal relationships. However, it is clear from case law in this Circuit that The ALJ's duty to undertake a full inquiry, "does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable

the administrative law judge to make the disability decision." *Turner v. Califano,* 563 F.2d 669, 671 (5th Cir.1977) (emphasis in original). The decision to require such an examination is within the discretion of the ALJ. *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989). Further, an ALJ's duty to investigate does not extend to possible disabilities not alleged by the claimant. *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995). In this case, the application filed by plaintiff's mother on his behalf made no reference to any mental or psychological impairment. As the issue of the plaintiff having a mental or psychological impairment was not raised by the plaintiff and has no basis other than isolated comments by plaintiff's mother, the court finds that the ALJ was not under a duty to require any additional testing of the plaintiff or development of the record.

CONCLUSION

Based on the forgoing reasons, the court finds that the ALJ was not clearly in error in concluding that the plaintiff is not disabled and is not entitled to supplemental social security benefits under section 1614(a)(3)(C) of the Social Security Act. An order in accordance with this memorandum opinion shall issue this day.

This the 15th day of September, 2006.


    /s/ S. ALLAN ALEXANDER
S. ALLAN ALEXANDER
UNITED STATES MAGISTRATE JUDGE